UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY KINARD,

    Plaintiff,

v

ANTHONY VALONE,

    Defendant.
_____/

Civil Action No.: 16-13469
Honorable Bernard A. Friedman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 43]**

**I.   INTRODUCTION**

Plaintiff Anthony Kinard, a state prisoner in the custody of the Michigan Department of Corrections (MDOC) brings this civil rights action against Defendant Anthony Valone, a librarian at MDOC's Thumb Correctional Facility (TCF). The Honorable Bernard A. Friedman had summarily dismissed Kinard's complaint, but the Sixth Circuit revived his claim of retaliation in violation of the First Amendment. [ECF No. 24].[1] Valone now moves for summary judgment under Federal Rules of Civil Procedure 56(a), arguing that Kinard's complaint should be dismissed

---

[1] Judge Friedman has referred all pretrial matters to the undersigned. [ECF No. 38].

because he failed to exhaust administrative remedies or to establish a viable First Amendment retaliation claim, and because Valone is entitled to qualified immunity.  [ECF No. 43].

For the reasons below, the Court **RECOMMENDS** that the defendant's motion for summary judgment [ECF No. 43] be **DENIED**.

## II. BACKGROUND

Kinard alleges that Valone fabricated a misconduct report, charging him with forgery and possessing forged documents.  [ECF No. 1; ECF No. 43-2, PgID.245].  In the misconduct report, Valone asserted that he "visual saw" [*sic*] Kinard fill out and sign a legal photocopy disbursement form using another prisoner's name and number.  [ECF No. 43-2, PageID.245].  Kinard denies doing so and maintains that the prisoner whose name appears on the form (Joey Allen) filled it out, signed it and asked Kinard to submit it to the library desk because Kinard was going to the library and Allen was not.  [ECF No. 1, PgID.3].  Allen corroborated this account in an interview with the prison hearing investigator and in a signed affidavit. [ECF No. 43-2, PgID.246; ECF No. 47, PgID.266].

The hearing investigator compared a sample of prisoner Allen's printed name, number and signature with the writing and signature on the photocopy disbursement form and found them to be an exact match.  [ECF

No. 43-2, PgID.246]. The hearing officer thus determined that the accuracy of Valone's misconduct report was doubtful and entered a finding of not guilty for the charge against Kinard. [*Id.*]

Valone barred Kinard's access to the law library in April 2016 pending the hearing on the misconduct report. [ECF No. 43-2, PageID.235]. Kinard filed a Step I grievance against Valone two days later. [*Id.*, PgID.234]. His access to the library was restored after the misconduct charge was dismissed on May 10, 2016. [*Id.*, PageID.235]. The grievance office found that the grievance was resolved because the misconduct charge was dismissed and Kinard's access to the law library was restored. [*Id.*]. Kinard filed both Step II and III grievance appeals. [*Id.*, PgID.236-238].

Just after his misconduct hearing, Kinard filed another grievance alleging that Valone violated his constitutional rights by knowingly fabricating a false misconduct report. [ECF No. 43-2, PgID.240]. This grievance was also deemed resolved by the grievance office after the misconduct hearing and Kinard also appealed it through Step III. [*Id.*, PgID.240-244].

### III. ANALYSIS

#### A.

Rule 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

The Prison Litigation Reform Act (PLRA), requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Requiring exhaustion allows prison officials an opportunity to resolve disputes about the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). A

prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015)).

**B.**

Kinard alleges that, before fabricating the report, Valone told him that he was "sick and tired of seeing [Kinard's] face," that Kinard did not need to use the law library because he was incarcerated only for a probation violation, and that Valone was going to put a stop to it. [ECF No. 1, PageID.10]. The Sixth Circuit held that these allegations stated a viable retaliation claim. [ECF No. 24, PageID.138]. Valone correctly notes that

5

Kinard's grievances did not allege that Valone wrote a false misconduct ticket out of retaliation for Kinard engaging in the protected activity of using the library.  [ECF No. 43-2, PageID.234, 240].  Still, a prisoner's grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory" to satisfy the exhaustion requirement.  *Bell*, 450 F.3d at 654 (internal quotations marks and citations omitted).  This standard is consistent with the practice of liberally construing *pro se* prisoners' filings.  *Id.*

Relevant here, courts have held that the term "retaliation" need not be in a grievance to properly exhaust a claim for retaliation, but some retaliatory motive must be suggested in the grievance to sufficiently place prison officials on notice that the prisoner is asserting retaliation claim. *Doe v. Anderson*, No. 15-13852, 2017 WL 4684614, at *4 (E.D. Mich. Oct. 18, 2017); *Jackson v. Huss*, 2015 WL 5691026, at *7 (W.D. Mich. Sept. 28, 2015).  In *Jackson*, the court determined that plaintiff's allegations that defendant was "not treating [him] because of [his] complaints against the prison" was enough to put prison officials on notice that he was asserting a retaliation claim.  2015 WL 5691026, at *7.

But in *Doe v. Anderson*, the grievance alleged only that the announcement of plaintiff's HIV positive status over the prison loudspeaker

6

placed his life in jeopardy and amounted to defamation of character. *Doe v. Anderson*, 2017 WL 4684614, at *4. Because the grievance did not suggest that the loudspeaker announcement was prompted by a retaliatory motive, the *Doe* court ruled that the plaintiff failed to exhaust any grievance for a retaliation claim. *Id.*

Here, Kinard's first grievance alleged neither that the misconduct ticket was false nor that it was the product of retaliation. [ECF No. 43-2, PageID.234]. In his second grievance, Kinard did allege that Valone fabricated the misconduct ticket, but did not suggest that Valone was retaliating because of Kinard's use of the library to pursue his appeal. [ECF No. 43-2, 240]. Instead, Kinard alleged that Valone wanted to cause him to be denied parole, to increase his security classification and to harm his reputation. [*Id.*]. Kinard's grievances did not exhaust his retaliation claim. But that is not the end of the analysis.

## C.

Kinard asserts that he exhausted his administrative remedies by raising allegations of retaliation against Valone during the hearing on his misconduct ticket, but that the hearing officer misled him into believing that Valone's statements were not grievable. [ECF No. 47, PgID.259-60].

7

Prisoners may exhaust administrative remedies for retaliation claims related to misconduct tickets by raising those claims during the misconduct hearing. *See Siggers v. Campbell*, 2008 WL 5188791, at *4 (E.D. Mich., Dec. 10, 2008), *aff'd*, 652 F.3d 681 (6th Cir. 2011); *McDaniel v. Bechard*, 2017 WL 3699762, at * 8 (E.D. Mich. Aug. 2, 2017). As with a written grievance, a prisoner must complain of retaliation in a misconduct hearing to exhaust the administrative remedies relative to that claim. *Siggers*, 2008 WL 5188791, at *4.

Valone denies that Kinard asserted retaliation at the misconduct hearing, citing the misconduct hearing report in which Kinard is reported as denying that he filled out the form at issue, but makes no mention of any retaliation claim. [ECF No. 43-2. PgID.248]. In response, Kinard testifies by affidavit that he told Lt. Henderson, the hearing officer, that Valone was retaliating against him for pursuing appeals of his convictions. [ECF No. 47, PgID. 259-60, ¶4]. Kinard testifies that he told Lt. Henderson that, the day before the misconduct report was written, Valone had said, "Kinard, I'm sick of seeing your face, you are only serving for a probation violation. You don't need the law library. I'm going to put a stop to it because I can. You're appealing your cases and I'm the one who has to put you on call every month." [*Id.*]

8

Kinard also claims that he told Lt. Henderson that he would file a grievance asserting retaliation claims against Valone, but that Lt. Henderson advised that Valone's comments were not grievable. [*Id.*]. According to Kinard, Lt. Henderson advised him to not add the alleged comments to the legitimate grievance Kinard had against Valone for filing the false misconduct report. [*Id.*]. Citing *Ross v. Blake*, Kinard argues that Lt. Henderson's advice thwarted the proper exhaustion of administrative remedies for his retaliation claim, and thus his failure to exhaust cannot bar this claim. 136 S.Ct. 1850, 1860 (2016).

If prison officials mislead a prisoner into believing he has satisfied the grievance process, "such interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.* & n.3; *see also, Brownell v. Krom*, 446 F.3d 305, 312 (2d Cir. 2006) (failure to exhaust administrative remedies excused when prisoner's decision to abandon claim was "directly traced to prison official's advice to [prisoner] to follow that course."). An inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross,* 136 S.Ct. at 1858.

If Kinard's allegations about his discussion with Lt. Henderson are true, they establish that Kinard exhausted the administrative remedies relative to a retaliation claim by asserting that claim during the misconduct

9

hearing. Alternatively, they show that Lt. Henderson's advice interfered with Kinard's ability to properly pursue a grievance on a retaliation claim, excusing the claim from the PLRA exhaustion requirement. *See Farnsworth v. Johnson*, 2019 WL 1141075, at *4 (E.D. Mich. Feb. 10, 2019), *adopted*, 2019 WL 1125620 (E.D. Mich. Mar. 12, 2019). Valone bears the burden of production and persuasion on the issue of whether Kinard exhausted his administrative remedies, including Kinard's claim that Lt. Henderson misled him into not grieving the retaliation claim. *Surles v. Andison*, 678 F.3d 452, 457-58 & n. 10 (6th Cir. 2012). Valone did not reply to Kinard's affidavit; he did not rebut Kinard's testimony that he exhausted his administrative remedies through the misconduct hearing, or that Lt. Henderson advised him not to grieve the retaliation issue. Valone should be denied summary judgment on the exhaustion issue.

## D.

To succeed on a retaliation claim, a plaintiff must show that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) (citation and internal quotation marks omitted). Under the third element of a retaliation claim, the

10

subjective motivation of the defendant is at issue. *Id.* Thus, causation is a factual issue to be resolved by a jury and may be satisfied by circumstantial evidence. *Id.* at 267.

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Id.* (citation and internal quotation marks omitted).

As noted, Kinard alleged in his complaint that Valone told him that he was "sick and tired of seeing [Kinard's] face," that Kinard did not need to use the law library because he was incarcerated only for a probation violation, and that Valone was going to put a stop to it. [ECF No. 1, PageID.10]. The Sixth Circuit held that these allegations stated a viable retaliation claim. [ECF No. 24, PageID.138]. Despite this holding, Valone argues that Kinard failed to establish a causal connection between his protected activity and any alleged adverse action, and thus his retaliation claim should be dismissed. [ECF No. 43, PgID.215-17]. Valone asserts in his brief that he issued the misconduct ticket to prevent the fraudulent submission of forged documents to the law library. [ECF No. 43, PageID.217]. But this assertion is not made under oath, making it just a denial of Kinard's allegations, and thus entirely insufficient to meet the burden to prevail on summary judgment. *See Maben*,

887 F.3d at 268 ("Thelen has done little more than deny the allegations put forth by Maben, which is insufficient to meet his burden.") (citation and internal quotation marks omitted).

In contrast to Valone's lack of evidence, Kinard reiterated his allegations against Valone in an affidavit. [ECF No. 47, PgID.259]. As found by the Sixth Circuit, the statements that Kinard ascribes to Valone support a claim of retaliatory animus. Kinard's testimony is sufficient evidence for a reasonable jury to find that Valone's adverse action (fabricating misconduct ticket) was motivated at least in part by Kinard's protected conduct (using law library to prepare appeal of his conviction), and was thus adequate to shift the burden to Valone to show that he would have issued the false misconduct ticket even if Kinard was not engaged in protected activity. *See Maben*, 887 F.3d at 268. Summary judgment of Kinard's retaliation claim should be denied.

### E.

Under the doctrine of qualified immunity, corrections personnel "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 269 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct.

2727, 73 L.Ed.2d 396 (1982)). Valone makes a cursory argument that he is entitled to qualified immunity,[2] but it has been long recognized that filing a falsified misconduct ticket against a prisoner violates the prisoner's clearly established rights, precluding qualified immunity. *Scott v. Churchill*, 377 F.3d 565, 570 (6th Cir. 2004).

## II.    CONCLUSION

Valone's motion for summary judgment **[ECF No. 43]** should be **DENIED**.

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: April 8, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

---

[2] Courts in this circuit routinely decline to review issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argument[.]" *ECIMOS, LLC v. Nortek Global HVAC,* LLC, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v.* Kelsey, 125 F.3d 989, 995 (6th Cir. 1997). These arguments are considered waived. *Id.* Although Valone's brief contains a long recitation of the qualified immunity doctrine, there is no meaningful attempt to apply the recited legal standards to the facts here.  In fact, the minimal factual analysis included refers to shower shoes and lotion, and was obviously written for a different case.  [ECF No. 43, PgID.221].

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

14

limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2019.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager