UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY KINARD,

    Plaintiff,                                                     Civil Action No. 16-CV-13469

vs.                                                               HON. BERNARD A. FRIEDMAN

A. VALONE,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on cross motions for summary judgment (ECF Nos. 80 and 81). Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant defendant's motion and deny plaintiff's motion.

In an earlier opinion in this matter, the Sixth Circuit summarized the case as follows:

> In 2016, Kinard, then a prisoner, brought this action pursuant to 42 U.S.C. § 1983 against Anthony Valone, a librarian at the Michigan Department of Corrections' Thumb Correctional Facility. Kinard alleged that Valone falsely charged him with misconduct by writing him up for the possession of a forged document and thus barred him from using the law library for approximately two weeks while the charge was adjudicated. The prison hearing officer found Kinard not guilty of the charge. Kinard therefore brought a First Amendment claim that Valone retaliated against him for exercising his constitutional right to use the law library to access the courts. He also brought various due process, unequal-treatment, and state-law claims.

*Kinard v. Valone*, No. 19-1790, 2020 WL 4044991, at *1 (6th Cir. May 15, 2020).

All of plaintiff's claims have been dismissed except his retaliation claim. The Sixth Circuit determined that plaintiff

created a genuine dispute of fact concerning the retaliation claim itself. In order to state a claim of retaliation for exercising his First Amendment rights, "a plaintiff must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Valone argues that he did not issue the misconduct report with a retaliatory motive, but instead that he was motivated to stop what he believed to be fraudulent activity. This is simply a factual dispute with the assertion in Kinard's affidavit that Valone told him:

> Kinard, I'm sick and tired of seeing your face, you are only serving for a probation violation, you do not need the law library. I'm going to put a stop to it because I can. You're appealing your cases and I'm the one who has to put you on the call out every month.

Valone also does not establish that he is entitled to qualified immunity, as there is no dispute that filing a falsified misconduct ticket violates a prisoner's clearly established constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Scott v. Churchill*, 377 F.3d 565, 570-72 (6th Cir. 2004).

*Id*. at *2-3.

Plaintiff's retaliation claim fails nonetheless because plaintiff has not established that being denied access to the library for six days amounted to "adverse action against him that would deter a person of ordinary firmness from continuing to engage in that conduct." The library call-out records for April and May 2016, attached to defendant's motion as part of Ex. B (PageID.393 and PageID.415-35), show that plaintiff visited the library on April 27 (the day defendant issued the misconduct ticket) and on May 3 (twice), May 5, May 6, (twice), May 10 (twice), May 12 (twice), May 13 (twice), May 17 (twice), May 19, May 23 (twice), May 24 (twice), May 26 (twice), May 27 (twice), and May 31 (twice). The six-day hiatus during which plaintiff was denied library access

2

is de minimis. Neither this brief denial of access, nor the librarian's issuance of a false misconduct ticket (allegedly in retaliation for over-using the library), constitute "adverse action . . . that would deter a person of ordinary firmness" from continuing to exercise one's "constitutional right to use the law library to access the courts." *Kinard*, 2020 WL 4044991, at *1. Obviously, plaintiff was not deterred in the least, as he continued thereafter to use the library on a regular basis. Nor was plaintiff deterred from pursuing the instant lawsuit, which he commenced just five months after the incident with Valone, or from pursuing a habeas petition, *Kinard v. Olson*, 18-CV-12199 (E.D. Mich.) (commenced on July 13, 2018). In short, plaintiff has failed to show that the misconduct ticket and six-day interruption of his library privileges amounted to adverse action sufficient to satisfy the third element of a retaliation claim under *Blatter*. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted (ECF No. 80).

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied. (ECF No. 81)

|  |  |
|---|---|
|  | s/Bernard A. Friedman |
| Dated: July 7, 2021 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2021.

| | |
|---|---|
| Anthony Kinard<br>4123 Flamingo Ave. S.W.<br>Wyoming, MI 49509<br>anthonykinard47@gmail.com | s/Johnetta M. Curry-Williams<br>Case Manager |